McFadden, Presiding Judge dissenting.
"In Georgia, a person has the right to resist an unlawful arrest" and has the right to resist "with all force necessary for that purpose." Sidner v. State , 304 Ga. App. 373, 376 (3), 696 S.E.2d 398 (2010) (citation and punctuation omitted). The trial court found Glenn's arrest to have been unlawful. The state does not contest that finding on appeal. And the trial court held that Glenn was within that right when he physically resisted arrest, knocking one officer to the ground. The state did not appeal that holding. At issue is the the trial's court holding that Glenn was not within that right when, in the course of that resistence, he damaged two patrol cars. The majority agrees. I respectfully dissent.
As the majority explains, the question before us is "whether the defense of justification under the catch-all section of OCGA § 16-3-20 (6) is authorized by the evidence of this case." That Code section provides: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed ... (6) In all other instances which stand upon the same footing of reason and justice as those enumerated in this article." OCGA § 16-3-20 (emphasis supplied).
Because the justification statute provides a defense "for any crime," there is no merit to the state's argument that the statute does not apply because Glenn "was not using force against a person." The majority does not address that argument, correctly rejecting it.
Instead, the majority holds that the "chronology of his actions" is "fatal" to Glenn's justification defense because he did not face an "imminent" threat when he damaged the patrol cars. It is true, as the majority explains, that "[a] premise underlying all the defenses specified in OCGA § 16-3-20 is that the defendant faced circumstances created by external events that demanded prompt, if not immediate, action." Brower v. State , 298 Ga. App. 699, 705 (1), 680 S.E.2d 859 (2009) (citations omitted). And as the majority notes, our cases addressing that statute have often spoken of an "imminent" threat. Id.
But while it is true that the word "imminent" denotes a threat in the immediate future, see Merriam-Webster Dictionary (2019 online edition) (defining "imminent" to mean "ready to take place" and "happening soon"), Glenn clearly did face an imminent threat. He faced immediate and continuing unlawful detention.
This case seems difficult only because Glenn is an unappealing defendant. But we are not adopting a rule for just his case. If Glenn had been a kidnapping victim, a charge of criminal damage to property ( OCGA § 16-7-23 (a) (1) ) would be so obviously precluded by justification that it is hard to imagine such a charge ever being brought. It could not be seriously argued that kidnapping victims must become compliant once they have been restrained and confined.
*703 From that broader perspective, it is clear that the trial court erred.